817 F.2d 102
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NATIONAL FEDERATION OF THE BLIND OF NORTH CAROLINA, INC.;
Joe A. Hayes; Linda L. Shevlin; Wayne E. Shevlin; Optimist
Club of North Carolina, Inc.; Doris Phllips; Jerry Cannon;
Gene Garden; Joseph Page, Plaintiff--Appellee,
v.
Randolph RILEY, District Attorney of the Tenth Prosecutorial
District; Lacy Thornburg, Attorney General for the State of
North Carolina; I. O. Wilkerson, Jr., Director, North
Carolina Department of Human Resources; Phillip J. Kirk,
Secretary, North Carolina Department of Human Resources,
Defendant--Appellant.
 No. 86-3998.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 7, 1987.
Decided April 23, 1987.
 
 Before RUSSELL, WIDENER,and CHAPMAN, Circuit Judges.
 Charles McKinnon Hensey, Special Deputy Attorney General (Lacy Thornburg, Attorney General, on brief), for appellants.
 M. Errol Copilevitz (John P. Jennings, Jr.; Copilevitz, Bryant, Gray & Jennings, P.C.; Howard F. Twigg; Blanchard, Tucker, Twiggs, Earls & Abrams, P.A., on brief), for appellees.
 C. Christopher Brown; Brown & Goldstein; Barry A. Fisher; David Grosz; Fisher & Moest, on brief, for amicus curiae American Civil Liberties Union of Maryland, Inc. in support of appellees.
 PER CURIAM:
 
 
 1
 In 1985 the General Assembly of the State of North Carolina made certain changes to the Charitable Solicitations Act, Chapter 131C of the General Statutes of North Carolina. These amendments require professional solicitors to be licensed before undertaking any solicitation, while volunteer solicitors may commence solicitation upon the filing of an application for a license. Additionally, professional solicitors are required to make certain disclosures before commencing a solicitation request and presumptive percentage limitations are placed upon the fees professionals may charge the charity.
 
 
 2
 The amendments became effective on August 27, 1985. The following day this action was filed for declaratory and injunctive relief. The plaintiffs claimed that the 1985 amendments, which include some provisions not at issue here, violated the First and Fourteenth Amendments to the United States Constitution by infringing upon their right to free speech. North Carolina took no action to enforce these amendments and thus they are being attacked on their face and not as applied.
 
 
 3
 The district court found that the amendments which required licensure before solicitation by professionals, oral disclosures before solicitation by professionals, and presumptive percentage fee limitations to be in violation of the right to free speech secured by the constitution. The State of North Carolina has appealed, arguing that these three provisions do not violate professional fund raisers' right to free speech. Finding no error, we affirm the decision of the district court for the reasons set forth in its opinion.
 
 
 4
 AFFIRMED.